FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:19 am, Aug 20, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALBERT LAFARGA CRUZ,

    Petitioner,

v.

WARDEN TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-86

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Albert Cruz ("Cruz"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus to challenge disciplinary proceedings which occurred while he was housed at the Reeves County Detention Center in Pecos, Texas. Doc. 1. Respondent filed a Motion to Dismiss, and Cruz filed a Response. Docs. 10, 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss.

### BACKGROUND

Cruz is currently serving a 126-month sentence imposed by the District Court for the District of Nevada based on his convictions for conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). Doc. 10-1 at 8. He has a projected release date of August 25, 2022, via good conduct release. Id.

As a result of disciplinary proceedings based on a Code 224 charge for assaulting a person, Cruz was sanctioned with: the loss of 27 days' good conduct time, 30 days in disciplinary segregation, and 30 days' loss of phone, commissary, and visitation privileges. Doc. 1 at 13; Doc. 1-1 at 7. Cruz asserts that the imposition of the sanctions violated his procedural due process rights and that the party involved in imposition of the sanctions lacked the authority to do so. Cruz seeks the expungement of his disciplinary violation, the reversal of all sanctions, and the restoration of his 27 days' lost good conduct time. Doc. 1 at 8.

## DISCUSSION

Cruz asserts his due process rights were violated because he was sanctioned by a partial decision maker and a non-Bureau of Prisons ("BOP") employee staff member. Doc. 1 at 14, 16. Cruz also asserts he was not provided with a 24-hour notice that he was going to have a disciplinary hearing. Id. at 11. Cruz contends staff falsely stated he was the one who struck the other inmate first and was not allowed "proper review" of the video recording. Id. at 15. In addition, Cruz contends the Regulations clearly state that, when an inmate held at a private facility such as Reeves is found guilty of a charged offense, the contract Disciplinary Hearing Officer ("DHO") can only recommend the loss of good conduct time, yet the DHO actually imposed sanctions against him (citing 28 C.F.R. § 500.1(b)(1)). Id. at 16, 17. Cruz alleges the Regulations do not clearly require the DHO to be an employee of the BOP, but the Regulations do require sanctions be imposed by BOP staff. Id. at 17. Moreover, Cruz states that, when an agency fails to follow its own procedures and regulations, any imposed sanctions are generally invalid. Id.

Respondent argues Cruz's due process rights were not violated, and the evidence presented at the disciplinary hearing meets the "some evidence" standard. Doc. 10 at 2.

2

Respondent states prison staff had authority to take disciplinary action against Cruz. Id. Additionally, Respondent contends Cruz is not entitled to habeas relief based on an assertion the BOP failed to follow its own Program Statement. Id.

**I.      Whether the DHO Was Authorized to Impose Sanctions**

In his Response to the Motion to Dismiss, Cruz asserts Respondent did not address whether DHO Jose Rodriguez, as an employee of a for-profit, private corporation, had authority to impose sanctions on him, as the relevant Regulations require that sanctions be imposed by BOP staff. Doc. 12 at 1–2. Cruz contends DHO Rodriguez's declaration indicates he has no authority to impose sanctions on federal inmates, even though he states he received BOP training. Id. at 2.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). Additionally, the Regulations governing the BOP's discipline program explain that the program applies to inmates assigned to "any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons." 28 C.F.R. § 541.2; BOP Program Statement 5270.09. The inmate discipline program "helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts." 28 C.F.R. § 541.1. "Staff" is defined as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." 28 C.F.R. § 500.1(b).[1]

---

[1]     In contrast, an "inmate" is defined as "all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities . . . ." 28 C.F.R. § 500.1(c).

3

Reeves County Detention Center is a facility operated "under an agreement with the Bureau of Prisons." Therefore, the Court must determine whether staff at the Reeves facility, as a non-federal facility, may nevertheless institute disciplinary proceedings and impose disciplinary sanctions as delegated by the BOP. The Court finds Respondent has not answered one of the direct contentions Cruz raises.

The Court agrees the BOP's discipline program applies to all federal inmates, including those, like Cruz, who are housed in a facility operated by a private corporation with a contract with the BOP. Doc. 10 at 8–9 (citing 28 C.F.R. § 541 (federal regulations pertaining to inmate discipline), and Program Statement 5720.09 (stating that it is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with the BOP's rules in order for inmates to live in a safe and orderly environment)). The Court also recognizes Respondent's reliance on Hilario-Paulino v. Pugh, 194 F. App'x 900 (11th Cir. 2006), in support of his assertion that the process of the contract DHO recommending the loss of good conduct time and a BOP staff member reviewing the recommendation has been upheld by courts, including this Court. Id. at 9. However, in Hilario-Paulino v. Pugh, the Eleventh Circuit Court of Appeals deferred to the BOP's interpretation of "redelegate" in § 0.97—that it did not delegate its authority to discipline inmates at contract facilities because it retained the authority to review imposed sanctions—and found the interpretation "neither plainly erroneous nor inconsistent with the regulation . . . ." 194 F. App'x at 904. The Eleventh Circuit noted the BOP's interpretation of § 4042(a) was not unreasonable under Chevron, USA, Inc. v. Natural Resource Defense Council, Inc., 467 U.S. 837, 842–44 (1984), because the BOP can "delegate a portion of its authority to discipline prisoners in privately run institutions to private actors, though reserving for itself the role of final arbiter." Id. at 903.

4

While Respondent's interpretation is not unreasonable as to delegation and the disciplinary processes as to contract facilities, his argument in this regard does not address Cruz's argument that DHO Rodriguez, as non-BOP staff, did not have the authority to impose sanctions against Cruz.  While DHO Rodriguez referred to the sanctions as being recommendations, doc. 10-1 at 4, other evidence indicates DHO Rodriguez was the person who imposed these sanctions, id. at 13, and Gerald Johnson with the BOP's Privatization Management Branch merely certified the sanctions DHO Rodriguez imposed, id. at 16.  Again, Respondent does not address the concern that a DHO for a privately-owned corporation is not "staff" under the Regulations and cannot, therefore, impose sanctions.  See Arredondo-Virula v. Adler, 510 F. App'x 581, 582 (9th Cir. 2013) (noting a private contractor was not authorized to discipline an inmate under the version of 28 C.F.R. § 541.10(b)(1) in place at the time and reversing the district court's judgment dismissing the petition); see also Allen v. Young, Case No. 5:18-cv-01463, 2020 WL 2477939, at *7 (S.D. W.Va. Mar. 2, 2020) (observing § 541.10(b)(1) has been repealed, but "the disallowance of [good conduct time] by a contracted DHO remains problematic. . . .  Under the revised regulations, . . . 'it appears that any disciplinary sanction must be imposed by a BOP employee.'") (citation omitted); Arellano v. Benov, No. 1:13-cv-00558, 2014 WL 1271530, at *6 (E.D. Cal. Mar. 26, 2014) (finding the reasoning of Arredondo-Virula "persuasive[]" and noting the meaning of "staff" in the regulations "only allows BOP employees to take disciplinary action.").

Thus, I **RECOMMEND** the Court **DENY** this portion of Respondent's Motion to Dismiss.  This is not to say Cruz's claim is meritorious, only that the Court cannot decide this issue based on the record before it.  However, the Court addresses Respondent's remaining grounds, as it appears Cruz only questions DHO Rodriguez's authority to impose sanctions as a

5

non-BOP staff member, not his ability to conduct the proceedings. Doc. 12 at 2 ("[T]he regulation[s] do allow Jose Rodriguez to conduct [d]isciplinary [h]earing[s] . . . .").

## II.     Whether Due Process Requirements Were Met

To determine whether Cruz's right to due process was violated, the Court must determine what process was owed to Cruz. A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Cruz was charged on June 8, 2018, with assaulting any person, in violation of Code 224, for an incident which occurred on May 23, 2018.[2] Doc. 1-1 at 7. A correctional staff member prepared an incident report on June 8, 2018, and Cruz was given a copy of the incident report the same day. Id. After the Unit Discipline Committee ("UDC") referred the matter, DHO

---

[2]   The Unit Disciplinary Committee ("UDC") hearing was delayed because the May 23, 2018 incident report was suspended and referred to the local sheriff's department for possible outside prosecution. Doc. 1-1 at 8. On May 31, 2018, the incident report was "released for administrative processing[,]" and Cruz was given a copy this same day. Id. The UDC conducted an investigation on June 5, 2018, and the incident report was once again suspended to correct the date and time of the incident. Id. Cruz alleges no UDC hearing occurred. Doc. 1 at 12.

Rodriguez conducted a disciplinary hearing on June 14, 2018.  Id.  Cruz waived his right to witnesses, did not have documentary evidence, and waived his opportunity to have staff representation during the hearing.  Id.  Prior to the hearing, Cruz was advised of his rights before the DHO on June 12, 2018.[3]  Id.  DHO Rodriguez concluded the evidence supported a finding of Cruz having committed the prohibited act of assault as charged.  Id. at 4, 11–13.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Cruz received the required due process protections.  An incident report was issued on June 8, 2018, and Cruz received this incident report the same day.  Id. at 11.  Cruz was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on June 12, 2018.  Id.  He received a DHO hearing on June 14, 2018.  Id.  Cruz attended the hearing, and his rights were again read and reviewed with him. Id. at 12.  Cruz declined to have a staff representative and did not wish to present evidence or witnesses.  Doc. 1-1 at 7–8.  Following the hearing, DHO Rodriguez detailed his factual and legal conclusions, and Cruz was provided with the DHO's

---

[3]  The DHO Report form indicates a copy of the advisement of rights form is attached to that form.  Doc. 10-1 at 11.  This rights form is not attached to Respondent's submissions.  While Cruz contends he did not receive notice of the hearing at least 24 hours in advance, doc. 1 at 12, this contention is not supported by the evidence of record.  See Doc. 1-1 at 7, Doc. 10-1 at 11 (stating Cruz was advised of his rights on June 12, 2018, two days before the hearing).  And even if Cruz's contention were supported, he would not be entitled to relief on this ground, as this is not a viable due process violation.  See Wallace v. Fed. Det. Ctr., 528 F. App'x 160, 162–63 (3d Cir. 2013) (noting that, even if § 541.5(a) was violated when petitioner received a copy of the charges two months after the incident, there was no due process violation under Wolff and the delay did not prejudice petitioner); Abbadessa v. Haynes, Civil Action No. CV211-084, 2011 WL 6004330, at *3 (S.D. Ga. July 15, 2011) (Even if petitioner could show non-receipt of incident report within 24 hours, "this would show only a failure to comply with the ideal set forth in a BOP policy.  It would not demonstrate a violation of a constitutional right."); see also Burgess v. Taylor, 647 F. App'x 952, 953 (11th Cir. 2016) (upholding district court's finding of no clear error in finding petitioner received all due process protections when he received written notice of charges at least 24 hours before DHO hearing); Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (stating the circumvention of departmental regulations or policies does not assert a violation of an inmate's constitutional rights (citing Sandin v. Conner, 515 U.S. 472 (1995), and Harris v. Birmingham Bd. of Educ., 817 F.2d 1525 (11th Cir. 1987))); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (finding Program Statements are "BOP policies, guidelines or interpretive rules, not substantive law[,]" and violations of these Program Statements are not violations of federal law that can be sustained in a habeas petition).

written report.  Id. at 8; Doc. 10-1 at 14.  Thus, the well-documented evidence unequivocally demonstrates that Cruz received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).  Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[4]  "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Hill, 472 U.S. at 456.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."  Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Cruz committed the charged offense of possession of narcotics is supported by "some evidence."  Specifically, DHO Rodriguez considered Cruz's admission of the charge, the incident report and investigation, photographs of Cruz and the victim of the

---

[4] The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

assault, video footage of the incident, medical assessments of Cruz and the victim, and memoranda from two officers.  Doc. 10-1 at 11–12.

The record before the Court reveals Cruz received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit.  The Court notes Cruz's statement he was not permitted a "proper review" of the video evidence.  DHO Rodriguez states Cruz was not precluded from reviewing or inspecting the evidence used against him, but he declined the offer.  Doc. 10-1 at 4.  Even accepting as true Cruz's assertion, however, it is not clear due process principles afford inmates facing disciplinary proceedings the right to view all evidence a DHO uses.  O'Bryant, 637 F.3d at 1213; 28 C.F.R. § 541.8(f); see also, R. & R., Gorrell v. Hastings, 2:11-cv-213 (S.D. Ga. Mar. 31, 2014) (The Court was unaware of any "constitutional requirement that [petitioner] was entitled to review of the actual toxicology results . . ., and [petitioner] points to no case law suggesting that such is a constitutional requirement."), ECF No. 56, p. 4.[5]  Thus, the Court should **GRANT** this portion of Respondent's Motion.

### III.   Whether the Failure to Follow Agency Rules Provides Habeas Relief

Cruz states the BOP did not follow its own procedures and regulations, resulting in the invalidation of his sanctions.  Doc. 1 at 17.  However, this assertion does not entitled Cruz to any relief.  See Merilien v. Granison, CV318-056, 2019 WL 2499186, at *5 (S.D. Ga. Feb. 13, 2019) ("An allegation of non-compliance with a prison regulation . . . is not . . . sufficient to give rise to

---

[5]   Cruz cites Freeman v. Rideout, 808 F.2d 949, 954 (2d Cir. 1986), in support of his assertion he was denied his request to view the video, which ostensibly is a violation of his due process rights.  Doc. 1 at 15.  However, this case does not support Cruz's assertion.  In Rideout, the Second Circuit Court of Appeals found the district court "improperly rejected the explanation" prison administrators had given to exclude a requested witness from the disciplinary proceedings and that "the procedural safeguards" of Wolff "were satisfied."  808 F.2d at 954.  Additionally, it is important to note that ,while Cruz complains he was not allowed to conduct a "proper review" of the video, doc. 1 at 15, it is undisputed that DHO Rodriguez reviewed and considered the video, doc. 10-1 at 12.

a claim upon which relief may be granted.") (citations omitted); Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (stating the circumvention of departmental regulations or policies does not assert a violation of an inmate's constitutional rights (citing Sandin v. Conner, 515 U.S. 472 (1995), and Harris v. Birmingham Bd. of Educ., 817 F.2d 1525 (11th Cir. 1987)))); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (finding Program Statements are "BOP policies, guidelines or interpretive rules, not substantive law[,]" and violations of these Program Statements are not violations of federal law that can be sustained in a habeas petition).  Accordingly, the Court should **GRANT** this portion of Respondent's Motion.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the


specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA